UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUFTHANSA TECHNIK AG,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP. and KID-SYSTEME GMBH,<br><br>　　　　　Defendants. | Case No. C14-1821RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Lufthansa Technik AG ("Lufthansa")'s "Motion for Clarification or Reconsideration of Claim Construction Ruling." Dkt. #128. Lufthansa moves the Court to reconsider or clarify its April 25, 2016, Claims Construction Order ("the Order"). Dkt. #122. Following the Order, Defendant Astronics Advanced Electronic Systems ("AES") moved for Entry of Judgment (Dkt. #126); Lufthansa also moves for clarification regarding the appropriateness of this Motion.

In moving for reconsideration, Lufthansa argues that "the Order contains two erroneous conclusions. *First* the Order states that because 'one of ordinary skill in the art can only guess what is covered and what is not'...the Court finds by clear and convincing evidence that the claim language 'subsequent detection' is indefinite.' *Second*, the Order concludes that [Lufthansa] disclaimed 'simultaneous detection' during prosecution of the patent." *Id*. at 2-3 (citing Dkt. #122

ORDER DENYING MOTION FOR RECONSIDERATION - 1

at 19) (emphasis in original).  Regarding the first allegedly erroneous conclusion, Lufthansa argues that "AES submitted *no evidence* to support its position that 'subsequent detection' is indefinite." *Id.* at 3.  Lufthansa argues that AES' expert refused to testify that the terms "simultaneously" and "subsequent detection" are indefinite.  *Id.* at 4.  Lufthansa cites to *Verve v. Crane Cams,* 311 F.3d 1116, 1119 (Fed. Cir. 2002) and other cases for the proposition that it is "legally erroneous…to find a term indefinite based solely on the intrinsic record without regard to what a skilled artisan would understand the term to mean."  *Id.*  Lufthansa argues that "[t]he notion that a skilled artisan could not ascertain the scope of the '016 patent is contrary to the record," and that the Court "should not enter judgment without more development of the record and an evidentiary hearing."  *Id.* at 5.  Lufthansa cites to several cases for the proposition that "deciding the dispositive effect of indefiniteness is more appropriately tackled at summary judgment."  *Id.* at 6.  Regarding the second allegedly erroneous conclusion, Lufthansa points out that the Order states that Lufthansa amended the claims "at least in part, to get around a prior patent, 'the Crane Patent,'" but that the Order also states that Lufthansa "fails to explain why it made these amendments… These statements are irreconcilable, but more importantly, [Lufthansa] *did* explain why 'subsequent' was added to the claims."  *Id.* at 6-7.  Lufthansa argues that "[t]he Order criticizes [Lufthansa]'s interpretation of 'subsequent' as having no temporal meaning…But that criticism is unfounded…'Subsequent' is used throughout the patent to indicate a numerical, rather than temporal, element…[Lufthansa's expert] made this point very clearly in his deposition."  *Id.* at 7.  Finally, Lufthansa argues that "even if there were some disclaimer of claim scope, the most [Lufthansa] could have disclaimed was exactly a zero time difference… because Crane is a single-pin detection system with a zero time difference and without any

ORDER DENYING MOTION FOR RECONSIDERATION - 2

tolerance or error margin." *Id.* (citing *3M Innovative Props. Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1372-73 (Fed. Cir. 2003)).

In requesting clarification, Lufthansa argues that: the above conclusions by the Court require "clarification or reconsideration;" that AES' pending Motion for Entry of Judgment is "premature;" that AES' Motion "ignores that the day after the Order issued, this Court granted [Lufthansa's] motion for jurisdictional discovery from KID and included AES in that ruling;" and that "the Court did not intend the Order to be a dispositive ruling on [Lufthansa's] patent claims." Dkt. #128 at 2.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

Regarding the first allegedly erroneous conclusion that the claim language "subsequent detection" is indefinite the Court begins with the understanding that it is empowered to review intrinsic and extrinsic evidence and reach legal conclusions, even if those conclusions were not reached by either party's expert witness. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 837, 190 L. Ed. 2d 719 (2015); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1324 (Fed. Cir. 2005) (en banc) (extrinsic evidence may not be used "to contradict claim meaning that is unambiguous in light of the intrinsic evidence"). The Court's conclusion as to this claim's indefiniteness is based primarily on "the language of the claim, the remainder of the patent, and the prosecution history," but is also based on AES' argument that "the claim is left trying to cover an ambiguous range of time, and that one of

ORDER DENYING MOTION FOR RECONSIDERATION - 3

ordinary skill in the art can only guess what is covered and what is not," which in turn was quoted from AES' briefing and based on citations to the testimony of both expert witnesses. Dkt. #122 at 19; Dkt. #63 at 28-29. Lufthansa appears to believe that, because AES' expert "testified that he was *not* providing an opinion that the terms 'simultaneously' and 'subsequent detection' are indefinite," AES "failed to provide any evidence of a skilled artisan's understanding." Dkt. #128 at 4 (emphasis in original). This is incorrect. *See, e.g.,* Dkt. #63 at 28-29 (citing depositions of both expert witnesses on the topic of a skilled artisan's understanding). The Court is free to interpret the opinions of the expert witnesses and reach its own legal conclusions. Given this, Lufthansa has failed to show how the Court's conclusion, or the Order generally, are manifestly erroneous under *Verve* and related cases.

Lufthansa has also failed to show why an evidentiary hearing is necessary to resolve this issue. The Court has already reviewed the submitted expert reports; Lufthansa makes no mention of new facts; the Court finds it far more likely that the requested evidentiary hearing would simply allow Lufthansa to reiterate stale legal arguments regarding the construction of the contested claims. Further, Lufthansa has known of AES' indefiniteness arguments since at least the Joint Claim Construction and Prehearing Statement (Dkt. #63), and has had repeated opportunities to argue that the Court should reserve ruling on this issue for summary judgment but has failed to do so until this Motion for Reconsideration. Lufthansa fails to argue that the Court engaged in manifest error by ruling on indefiniteness at the claims construction stage. The Court believes it was fully briefed on the indefiniteness issue and, for the same reasons as previously stated, will not hear further argument.

Regarding the second allegedly erroneous conclusion, that Lufthansa disclaimed "simultaneous detection" during prosecution of the patent, the Court finds that its Order did note

ORDER DENYING MOTION FOR RECONSIDERATION - 4

state irreconcilable findings. The Court found that Lufthansa removed the term simultaneous and added the term subsequent at least in part to get around the Crane Patent *and* that Lufthansa failed to explain why it made these amendments. Dkt. #122 at 18-19. Lufthansa argues that it did attempt to explain why it made these amendments in briefing and at the Markman Hearing. Perhaps the Court's Order would have been clearer if it had stated that Lufthansa failed to "adequately" or "convincingly" explain why it made these amendments. Nevertheless, the Court finds that Lufthansa is essentially arguing that it disagrees with the Court's Order, but these arguments fail to show that the Court engaged in manifest error. Lufthansa fails to convince the Court that "subsequent" does not have a temporal meaning when used in the same sentence as the word "time," and the Court refuses to follow the testimony of Lufthansa's expert over the word's "ordinary and customary meaning." *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc); *see also ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (Fed. Cir. 2003) (in construing a claim term's ordinary meaning, the context in which a term is used must be considered). Lufthansa's argument that "even if there were some disclaimer of claim scope, the most [Lufthansa] could have disclaimed was exactly a zero time difference," stands in the face of the ambiguous language of the claim (*e.g.*, the word subsequent) and does not change the Court's conclusion that "the claim is left trying to cover an ambiguous range of time, and that one of ordinary skill in the art can only guess what is covered and what is not." *See* Dkt. #122 at 19.

The Court next turns to Lufthansa's request or requests for clarification. The Court finds that, to the extent Lufthansa moves for clarification regarding the Court's conclusions, the Court has clarified them above. To the extent Lufthansa argues that AES' pending Motion for Entry of Judgment is procedurally invalid, such arguments are properly raised in Response to that

ORDER DENYING MOTION FOR RECONSIDERATION - 5

Motion and the Court will reserve its ruling. The Court wishes to clarify that its Claims Construction Order was limited to claims construction, and did not itself reach a ruling on Lufthansa's patent claims.

Lufthansa does not demonstrate manifest legal error or present new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Accordingly, Lufthansa's Motion for Reconsideration (Dkt. #128) is DENIED.

DATED this 13th day of May 2016.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 6