UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUFTHANSA TECHNIK AG, | Case No. C14-1821RSM |
| Plaintiff, | ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP. and KID-SYSTEME GMBH, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant Astronics Advanced Electronic Systems Corporation ("AES")'s Motion for Summary Judgment. Dkt. #140. AES argues that summary judgment is warranted because the patent at issue is invalid for indefiniteness. *Id*. Plaintiff Lufthansa Technik AG ("Lufthansa") opposes the Motion and requests oral argument. Dkt. #142. Defendant KID-Systeme GmbH ("KID") has not filed a brief in support or opposition to this Motion. For the reasons stated below, the Court determines that oral argument is not necessary, agrees with Defendant AES, and GRANTS its Motion for Summary Judgment.

## II. BACKGROUND

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S
MOTION FOR SUMMARY JUDGMENT - 1

### A. Factual Background

The background facts of this case have already been set forth in the Court's Order on Claims Construction (Dkt. #122) and the Court incorporates them by reference.

In this action, Plaintiff Lufthansa alleges infringement of United States Patent No. 6,016,016 ("the '016 patent") by Defendant AES. The patent claims at issue are directed to an aircraft power outlet system that "applies… voltage to the socket when the plug detector signal the presence of a plug…. i.e., no… voltage is provided… as long as no plug of an electric device is inserted." Dkt. #64-1 at 7.

### B. Procedural Background

Lufthansa filed its Complaint in this Court on November 26, 2014 (Dkt. #1) and moved for leave to amend its Complaint and join KID as a Defendant on September 8, 2015 (Dkt. #32). Initial briefing on claim construction was filed by Lufthansa and AES on November 25, 2015 (Dkt. ##62, 63), with responsive briefing on December 16, 2016 (Dkt. ##81, 82). KID made an appearance on January 8, 2016, solely to contest jurisdiction and move to dismiss claims brought against it. *See* Dkt. ## 83, 97. The *Markman* hearing occurred on February 5, 2016.

After reviewing the parties' briefing, which cited declarations and deposition testimony from two experts, the Court issued its Claims Construction Order on April 25, 2016. Dkt. #122. In that Order, the Court construed Claim 1 of the patent and "agree[d] with AES [that] both the explicit language of the claim and the prosecution history make clear that this claim does not include simultaneous detection." Dkt. #122 at 19. The Court found "ample evidence from the prosecution history to conclude that Lufthansa made a 'clear and unmistakable disavowal' of simultaneous detection in part to avoid the Crane patent." *Id*. The Court held

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S
MOTION FOR SUMMARY JUDGMENT - 2

that "Lufthansa's interpretation of 'subsequent' to have no temporal meaning in this claim ignores that the word 'time' is found in the same sentence." *Id*. The Court continued, "[b]ecause the claim cannot be construed to cover simultaneous detection, AES is correct that the claim is left trying to cover an ambiguous range of time, and that one of ordinary skill in the art can only guess what is covered and what is not." *Id*. The Court concluded that, "[b]ased on the language of the claim, the remainder of the patent, and the prosecution history, the Court finds by clear and convincing evidence that the claim language 'subsequent detection' is indefinite." *Id*.

Lufthansa moved for reconsideration, which this Court denied. Dkt. #131. Lufthansa argued that there was insufficient evidence to find that the term "subsequent detection" was indefinite, and that the Court "should not enter judgment without more development of the record and an evidentiary hearing." *Id*. at 2. The Court rejected this argument, noting that it had already found clear and convincing evidence that the claim was indefinite. The Court stated that it based its decision on both intrinsic and extrinsic evidence, including: "the language of the claim, the remainder of the patent, and the prosecution history," but [also on] AES' argument that "the claim is left trying to cover an ambiguous range of time, and that one of ordinary skill in the art can only guess what is covered and what is not," which in turn was quoted from AES' briefing and based on citations to the testimony of both expert witnesses. *Id.* at 3-4 (quoting Claims Construction Order and citing AES's claim construction briefing). The Court found no reason to reconsider its decision, explaining that it had been "fully briefed on the indefiniteness issue and, for the same reasons as previously stated, will not hear further argument." *Id*.

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S
MOTION FOR SUMMARY JUDGMENT - 3

The Court held a telephonic status conference on June 1, 2016, where Lufthansa once again pressed for more discovery regarding the meaning of the term "subsequent detection." In response, the Court directed AES to file a motion for summary judgment, indicated that it would not revisit its indefiniteness decision, stayed all discovery, and terminated the trial date and all pre-trial deadlines pending this motion. *See* Dkt. # 139.

### III.   DISCUSSION

**A.  Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Nike, Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994) (setting forth same standard in a patent case).   Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248.  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."   *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994).  However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S
MOTION FOR SUMMARY JUDGMENT - 4

**B. Analysis**

Summary judgment of invalidity is appropriate if the patent claim fails to "particularly point[] out and distinctly claim[] the subject matter which the inventor or a joint inventor regards as the invention." 35 U.S.C. § 112(b). A claim fails to satisfy this requirement and is invalid if its language, when read in light of the specification and the prosecution history, "fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014).

Where summary judgment involves issues of patent validity, the party seeking to invalidate the patent must overcome a presumption that the patent is valid. *See* 35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2243 (2011); *U.S. Gypsum Co. v. Nat'l Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996). This presumption places the burden on the challenging party to prove the patent is invalid by clear and convincing evidence. *Microsoft*, 131 S. Ct. at 2243; *U.S. Gypsum Co.*, 74 F.3d at 1212. However, "this presumption of validity does not alter the degree of clarity that § 112[] . . . demands from patent applicants; to the contrary, it incorporates that definiteness requirement by reference." *Nautilus*, 134 S. Ct. at 2130 n.10 (addressing predecessor of §112(b)).

AES argues that "[t]he inescapable result of the Court's indefiniteness determination is that the asserted claims of the '016 Patent are invalid." Dkt. #140 at 6. AES argues that "it is black letter law that a claim that includes an indefinite limitation is invalid pursuant to 35 U.S.C. §§ 112 and 282," and quotes the Court's prior Order stating "[i]f a single claim limitation is indefinite, the entire claim is invalid." *Id.* (citing Dkt. #122 at 8). AES argues that, based on the Court's Prior Claim Construction Order, Claim 1 is invalid because it contains the indefinite limitation "subsequent detection." *Id.* (citing *Gardner v. Toyota Motor Corp.*, 2009

WL 4110305, at *6 (W.D. Wash. Nov. 19, 2009) (finding claim limitation indefinite and claim "therefore invalid")). AES argues that "[b]ecause all of the other claims in the '016 Patent incorporate Claim 1, the entire patent is indefinite." *Id.* at 7 (citing *Interval Licensing LLC v. AOL Inc.*, 766 F.3d 1364, 1374 (Fed. Cir. 2014) ("In sum, the 'unobtrusive manner that does not distract a user' phrase, when viewed in light of the specification and prosecution history, fails to 'inform those skilled in the art about the scope of the invention with reasonable certainty.' The claims that depend on that phrase are thus invalid for indefiniteness." (internal citations omitted)); *Fargo Elecs., Inc. v. Iris, Ltd., Inc.*, 287 F. App'x 96, 99 (Fed. Cir. 2008) (affirming district court holding that "independent claim 8 is invalid as indefinite" and "[b]ecause dependent claims 9 through 15 depend from claim 8 . . . they are also invalid as indefinite."); Manual of Patent Examining Procedure § 608.01(n) (7th ed. 1998)). AES argues that "[a]n indefinite patent is an invalid patent as a matter of law." *Id.* (citing 35 U.S.C. § 282(b)(3)(A); *Interval Licensing*, 766 F.3d at 1369-70, 1377). To further support its position, AES points to several cases where other district courts have granted summary judgment finding invalidity after determining a patent to be indefinite. *Id*. at 7-9 (citing cases). AES argues that *MyMedicalRecords Inc. v. Walgreen Co.*, 2014 WL 7338822, at *1 (C.D. Cal. Dec. 22, 2014), "is squarely on point." Dkt. #140 at 8. In *MyMedicalRecords*, the court had found a patent-in-suit was indefinite during claim construction and the defendants filed a motion for summary judgment as to invalidity. *Id*. The plaintiff objected, arguing that that there were disputed issues of material fact regarding whether a person of ordinary skill could understand the indefinite claims. *Id*. at *2. The court granted defendants' motion for summary judgment, recognizing that "a claim that includes an indefinite limitation is invalid pursuant to 35 U.S.C. § 112." *Id*. at *1. It noted that the plaintiff was attempting "to re-litigate the issue of

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S
MOTION FOR SUMMARY JUDGMENT - 6

indefiniteness" and that "[t]he parties had the opportunity to fully brief and argue indefiniteness during Claim Construction." *Id*. at *2. The Court concluded that:

> [i]ndefiniteness is a question of law resolvable during claim construction. . . . while it is true that claims are to be construed and indefiniteness is to be determined from the perspective of a hypothetical person of ordinary skill in the art (POSITA), this Court's Claim Construction Order itself makes clear that the Court's indefiniteness ruling was made from the perspective of a POSITA. There are no factual disputes to be resolved . . . ."

*Id*. The court accordingly entered summary judgment of invalidity. *Id*. AES argues that there are no issues of material fact remaining because "the Court has already made [understanding of one skilled in the art] factual determinations, concluding that clear and convincing evidence shows that one skilled in the art would not understand the scope of the "subsequent detection" as used in the '016 Patent." *Id*. at 11 (citing Dkt. #122 at 19). AES argues that an invalid patent cannot be infringed. *Id.* (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929 (2015); *Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1580 (Fed. Cir. 1983) ("The claim being invalid there is nothing to be infringed.")).

In Response, Lufthansa begins by extensively re-briefing issues already addressed in claims construction. *See* Dkt. #142 at 2-13. Lufthansa cites to a Third Declaration of expert witness Dr. Collins, signed on July 5, 2016, and submitted for the first time with its brief. *Id*. at 11. Lufthansa argues that "AES seeks summary judgment of invalidity based solely on this Court's determination during claim construction that the claim term 'subsequent detection" is indefinite." *Id*. at 16. Lufthansa argues that "AES did not come forward with evidence [during the claim construction phase] to carry its burden of proving indefiniteness under the *Nautilus* standard," and that "AES has not submitted any additional evidence to support its motion for summary judgment." *Id*. Lufthansa "[a]ccept[s] this Court's determination that some claim scope was disclaimed during prosecution." *Id*. at 16-17 (noting in a footnote that it is rearguing

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S
MOTION FOR SUMMARY JUDGMENT - 7

this issue anyway "[f]or completeness and to preserve the issue."). Nevertheless, Lufthansa argues that the instant Motion must be denied because AES "submitted no evidence to carry its burden, while [Lufthansa] submitted unrebutted evidence that a skilled artisan would be able to discern the scope of the claims with reasonable certainty." *Id*. Lufthansa highlights, as it did in previous briefing before this Court, that AES's proffered expert did **not** opine that the claims are "indefinite." *Id*. at 19 (emphasis in original). Lufthansa argues that AES is wrong to argue that the Court's claim construction ruling must inexorably lead to a finding of invalidity, and that the "*Nautilus* standard requires that the Court determine what the claims mean to a person of ordinary skill in the art." *Id*. at 20. Lufthansa argues that "[w]hile a court might find the intrinsic record unclear, a patent should not be declared invalid if a person of ordinary skill in the art could discern the scope of the claims with reasonable certainty." *Id*. citing *Gilead Scis., Inc. v. Mylan Inc.*, No. 1:14CV99, 2015 WL 1534067, at *2 (N.D. W.Va. Apr. 6, 2015) ("Although a court may find a claim term invalid for indefiniteness after construing the term, it is clear that what a 'term means to a person of ordinary skill in the art is a separate question from whether it is sufficiently definite to put others in the field on notice regarding the bounds of the claims….'") (citation omitted). Lufthansa argues that "AES cites a number of cases as alleged support for its position that this Court can grant summary judgment at this juncture," but argues that "a significant portion of the cases that AES cites pre-date *Nautilus* and apply the wrong legal standard for indefiniteness, and that "many of the cases AES cites involve specialized instances of indefiniteness that are *per se* indefinite as a matter of law." *Id*. at 22. Lufthansa argues that *MyMedicalRecords* is not "squarely on point" for precisely that reason— the claims were *per se* indefinite because the patent disclosed no algorithm for performing the recited function. *Id*. Lufthansa argues that "to the extent that the Court determines that there is

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S
MOTION FOR SUMMARY JUDGMENT - 8

any conflict between [Lufthansa's] evidence that the claim terms are sufficiently definite and AES's assertion that the terms are ambiguous, those factual disputes prevent this Court from entering summary judgment." *Id*. at 24.

On Reply, AES argues that Lufthansa's Response is "devoted entirely to rehashing—for a third time—the same arguments it made during claim construction and in its motion for reconsideration." Dkt. #144 at 2. AES argues that, although it set forth "case after case where courts entered judgment of invalidity after finding a patent indefinite," Lufthansa's Response "does not cite a single case where a court held that an indefinite patent is valid," nor did it "cite a single case where a court determined that a patent is indefinite, but still postponed a determination of invalidity pending further fact finding." *Id*. at 3. AES next addresses *MyMedicalRecords*, arguing that it "shows how a court dealt with issues of patent invalidity once it found a patent indefinite, that "[i]t does not matter why the court found indefiniteness," because "[w]hat matters is what the court did after it made that finding." *Id*. at 4. AES argues:

> [Lufthansa] then argues that "it would be legal error for this Court to grant summary judgment of invalidity without giving due consideration to evidence of what a skilled artisan could discern about the scope of the claims." Dkt. # 142 at 21. In other words, [Lufthansa] accuses the Court of considering only intrinsic evidence when deciding indefiniteness. *Id*. [Lufthansa] has made and lost this argument before. *See* Dkt. ## 128 & 131. And it lost for good reason: The Court did consider the understanding of a skilled artisan when it decided indefiniteness, basing that decision on the testimony of two experts. *See* Dkt. # 131 at 4; *infra* Part II (discussing evidence considered). [Lufthansa] has no basis to assert otherwise; it simply disagrees with the Court.

*Id*. at 6. AES argues that Lufthansa "misleadingly cites *Gilead*," but "the *Gilead* court merely recognized that it needed to hear evidence regarding the understanding of one skilled in the art before it could decide indefiniteness, by contrast the Court here "heard such evidence and decided that one skilled in the art would not understand the scope of the claims." *Id*. at 6 n.6

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S
MOTION FOR SUMMARY JUDGMENT - 9

(citing *Gilead*, 2015 WL 1534067, at *2). AES argues that Luthansa's efforts to reargue indefiniteness and the prosecution history disclaimer should be rejected. *Id*. at 7-12. AES points out that Lufthansa's submission of the Third Declaration of its expert Dr. Collins is untimely and argues that it should not be considered. *Id*. at 13 (citing Dkt. #31 (setting *Markman* deadlines); *Largan Precision Co, Ltd. v. Genius Electrical Optical Co.*, 2014 WL 6882275 at *2 n.1 (N.D. Cal. Dec. 5, 2014) (holding "The parties may not use summary judgment or other motions as stealth weapons for reconsideration, whether based on 'new' expert opinions or anything else not provided for in the Local Rules.")).

To begin with, the Court agrees with AES that Lufthansa's submission of the Third Declaration of its expert Dr. Collins is untimely, and finds inappropriate Lufthansa's attempts to create issues of fact on topics so clearly addressed and resolved at the claims construction phase. The Court disagrees with Lufthansa's assertion that the question before the Court now is whether "the claim terms are sufficiently definite," given that the Court has already twice ruled that the claim terms at issue are indefinite. *See* Dkt. #122. This settled legal conclusion cannot form the basis for a genuine issue of material fact precluding summary judgment. What remains is a simple question of law—given the Court's indefiniteness ruling, is summary judgment dismissal of Plaintiff's claims against AES warranted?

Given the Court's prior rulings, the Court now explicitly concludes that Claim 1 and therefore the entire patent "fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *See Nautilus*, 134 S. Ct. at 2124. Having previously found that Claim 1 is indefinite, the Court agrees with AES and cited cases—the remainder of the patent is invalid because all of the patents' claims are dependent on Claim 1. *See Gardner*, 2009 WL 4110305, at *6 (finding claim limitation indefinite and claim "therefore invalid");

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S
MOTION FOR SUMMARY JUDGMENT - 10

*Interval Licensing LLC*, 766 F.3d at 1374 ("In sum, the 'unobtrusive manner that does not distract a user' phrase, when viewed in light of the specification and prosecution history, fails to 'inform those skilled in the art about the scope of the invention with reasonable certainty.' The claims that depend on that phrase are thus invalid for indefiniteness." (internal citations omitted)); *Fargo Elecs., Inc. v. Iris, Ltd., Inc.*, 287 F. App'x 96, 99 (Fed. Cir. 2008) (affirming district court holding that "independent claim 8 is invalid as indefinite" and "[b]ecause dependent claims 9 through 15 depend from claim 8 . . . they are also invalid as indefinite."). Lufthansa cites to no case supporting its apparent position that the Court cannot find an indefinite patent invalid. AES has met its burden of proving that the patent is invalid by clear and convincing evidence.

      Lufthansa's attempt to relitigate the issue of indefiniteness via the Court's alleged failure to consider the perspective of a person of ordinary skill in the art is squarely addressed by *MyMedicalRecords*. Although Lufthansa is correct that the court in *MyMedicalRecords* had a different basis for determining invalidity, once determined, the remainder of the case is on point. The court in *MyMedicalRecords* held that the plaintiff was attempting "to re-litigate the issue of indefiniteness" and that "[t]he parties had the opportunity to fully brief and argue indefiniteness during Claim Construction." The same can be said here. The court in *MyMedicalRecords* concluded that:

> [i]ndefiniteness is a question of law resolvable during claim construction. . . . while it is true that claims are to be construed and indefiniteness is to be determined from the perspective of a hypothetical person of ordinary skill in the art (POSITA), this Court's Claim Construction Order itself makes clear that the Court's indefiniteness ruling was made from the perspective of a POSITA. There are no factual disputes to be resolved . . . ."

2014 WL 7338822, at *2. Any question that the Court neglected to consider the perspective of a person of ordinary skill in the art were addressed and dispelled by the Court's Order on

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S
MOTION FOR SUMMARY JUDGMENT - 11

Plaintiff's Motion for Reconsideration. Dkt. #131 at 3-4 (noting that the Court interpreted the opinions of both parties' expert witnesses and reached its own legal conclusions).

Because the Court finds the '016 Patent to be invalid, AES is correct that it cannot be infringed. *See Commil USA*, 135 S. Ct. at 1929; *Richdel.* 714 F.2d at 1580. Summary judgment dismissal of Plaintiff's infringement claims against AES is thus warranted. As a final note, the departure of AES as a Defendant in this case moots AES' need to obtain discovery, and thus the Court will strike AES' Motion to Compel, Dkt. #39.

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Defendant Astronics Advanced Electronic Systems Corporation ("AES")'s Motion for Summary Judgment (Dkt. #140) is GRANTED.

2. U.S. Patent No. 6,016,016 is declared invalid for indefiniteness.

3. All claims of Plaintiff Lufthansa Technik AG against Defendant AES in this matter are dismissed with prejudice.

4. Defendant AES' pending Motion to Compel, Dkt. #39, is STRICKEN as MOOT.

5. The remaining parties, Lufthansa and KID-Systeme GmbH, are DIRECTED to file with this Court no later than **seven (7) days** from the date of this Order a single Joint Status Report addressing the status of the case and the need for the Court to rule on the remaining Motions given this Order.

//

//

//

DATED this 20th day of July 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP.'S MOTION FOR SUMMARY JUDGMENT - 13