| | |
|---|---|
| Lufthansa Technik AG, | ) |
| Plaintiff, | ) No. 2:14-cv-01821-RSM |
| | ) |
| v. | ) SECOND AMENDED PROTECTIVE |
| | ) ORDER |
| Astronics Advanced Electronic Systems Corp., | ) |
| Defendant. | ) |
| | ) |

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    <u>"CONFIDENTIAL MATERIAL" AND "ATTORNEY'S EYES ONLY MATERIAL"</u>

"Confidential Material" shall include those documents and tangible things that contain business information that is not publicly known, the disclosure of which could cause the producing party to be commercially disadvantaged or prejudiced. "Attorney's Eyes Only Material" shall include highly sensitive business information, including trade secrets and other technical, commercial, financial, personal and business information, the disclosure of which could result in harm that may be significant to the producing party's business and its competitive position, and for which there exists a good-faith claim of protection from disclosure. Confidential Material and Attorney's Eyes Only Material shall be collectively referred to as "Protected Material."

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

3.     SCOPE

The protections conferred by this agreement cover not only Confidential Material and Attorney's Eyes Only Material (as defined above) obtained by the parties from one another, and from third parties or non-parties, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle (1) this litigation, (2) the infringement litigation currently pending in Germany, Civil Law Proceeding No. 7O 289/10, pending before the Mannheim Regional Court, and any appeals there from, as well as potential enforcement proceedings including but not limited to proceedings requesting court fines or requesting affirmations in lieu of oath and proceedings concerning the amount of damages to be paid as well as any other proceedings and procedural remedies relating to the rights of Lufthansa arising out of the German part of European Patent No. EP 881 145 with regard to products manufactured and/or sold by AES (the "German Proceedings"), and (3) contemplated proceedings relating to the rights of Lufthansa arising out of any parts or foreign counterparts of European Patent No. EP 881 145 being considered for filing in France, Spain, the United Kingdom and/or Japan (the "Contemplated Proceedings"). Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access to the Protected Material is limited to the persons authorized under this agreement.

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

Notwithstanding the foregoing or any other provisions of this Second Amended Protective Order, including without limitation Paragraphs 4.1, 4.2, 4.3, and 11, Protected Material disclosed, produced, or filed by or on behalf of KID-Systeme GmbH ("KID") in connection with this litigation: (a) shall be used only for purposes of this litigation and for no other purpose; (b) shall not be disclosed or used for any purpose in any other litigation or proceeding, including without limitation the German Proceedings and the Contemplated Proceedings; and (c) shall not be disclosed to any other court, tribunal, counsel, or person in connection with any other litigation or proceeding, including the German Proceedings or the Contemplated Proceedings, unless KID agrees in advance to such disclosure or use.

4.2     Disclosure of Confidential Material.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

(a)     the receiving party's counsel of record in this action, counsel in the German Proceedings, or counsel involved in the Contemplated Proceedings who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the provisions of Paragraph 10, below;

(d)     the court, court personnel, and court reporters and their staff;

(e)     courts in the German Proceedings or Contemplated Proceedings, subject to the provisions of Paragraph 11, below;

(f)     copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; or

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Disclosure of Attorney's Eyes Only Material.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may not disclose any Attorney's Eyes Only Material to anyone but:

(a)     the receiving party's counsel of record in this action, counsel in the German Proceedings, or counsel involved in the Contemplated Proceedings who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     one in-house counsel of the receiving party—Dr. Nikolaus Henrich for Lufthansa Technik AG ("Lufthansa"), and Ed Sterner for Astronics Advanced Electronic Systems ("AES")—provided that each individual shall have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the provisions of Paragraph 10, below;

(d)     the court, court personnel, and court reporters and their staff;

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

(e)     courts in the German Proceedings or Contemplated Proceedings, subject to the provisions of Paragraph 11, below;

(f)     copy or imaging services retained by counsel to assist in the duplication of Attorney's Eyes Only Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Attorney's Eyes Only Material to third parties and to immediately return all originals and copies of any Attorney's Eyes Only Material;

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Attorney's Eyes Only Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; or

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.4     <u>Filing Protected Material</u>. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the material's designation, whether the material can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

material, documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

unnecessarily encumber or delay the case development process or to impose unnecessary expenses

and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for

protection do not qualify for protection, the designating party must promptly notify all other parties

that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.     Except as otherwise provided in this

agreement (*see*, *e.g.*, Paragraph 7.2(b) below), or as otherwise stipulated or ordered (such as when

documents are produced for inspection at the party's or its counsel's facilities), disclosure or

discovery material that qualifies for protection under this agreement must be clearly so designated

before or when the material is disclosed or produced.

(a)     Information in documentary form:  (*e.g.*, paper or electronic documents

and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

proceedings), the designating party must affix the word "CONFIDENTIAL" (for Confidential

Material) or "ATTORNEY'S EYES ONLY" (for Attorney's Eyes Only Material) to each page

that contains material to be protected.  If only a portion or portions of the material on a page

qualifies for protection, the producing party also must clearly identify the protected portion(s)

(*e.g.*, by making appropriate markings in the margins or underlining text in red).

(b)     Testimony given in deposition or in other pretrial or trial proceedings:  the

parties must identify on the record, during the deposition, hearing, or other proceeding, all

protected testimony, without prejudice to their right to so designate other testimony after

reviewing the transcript.  Any party or non-party may, within thirty days after receiving a

deposition transcript, designate portions of the transcript, or exhibits thereto, as Confidential

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

Material or Attorney's Eyes Only Material.  Before the expiration of the thirty day period, the parties shall treat the entire deposition testimony, transcript, and exhibits as if they had been designated as Attorney's Eyes Only Material.

(c)     Other tangible items:  the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" (if designating as Confidential Material) or the phrase "ATTORNEY'S EYES ONLY" (if designating as Attorney's Eyes Only Material).  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any party or non-party may challenge a designation of Confidential Material or Attorneys Eyes Only Material at any time.  Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The parties, third parties, or non-parties must make every attempt to resolve any dispute regarding designations under this agreement without court involvement.  Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the challenged designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as designated until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement or because of a subsequent correction of an inadvertent failure to designate under Paragraph 7.3, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

Lufthansa is a German company, and its production of documents is subject to German data privacy laws and various employment agreements between Lufthansa and its employees. Lufthansa has represented that these laws and agreements prohibit production of and any public disclosure of Lufthansa's employees' personal data. "Personal data" means any information concerning the personal or material circumstances of an identified or identifiable individual (the data subject), as described in Sect. 3 (1) of the German Federal Data Protection Act in the version promulgated on 14 January 2003 (Federal Law Gazette I p. 66), as most recently amended by Article 1 of the Act of 14 August 2009 (Federal Law Gazette I p. 2814). Lufthansa will redact any such personal data from its document production and will provide AES with a summary of any such redactions that contains information sufficient for AES to determine whether or not the redaction was appropriate. The receiving party shall notify Lufthansa if it discovers any obviously (and without obligation on AES to perform a legal analysis) unredacted personal data relating to a custodian who has not consented to the release of his personal data in the Lufthansa production, and shall return any unredacted documents to Lufthansa within five (5) days of discovering them so that replacement documents can be produced. If Lufthansa discovers any unredacted personal

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

data, it shall notify the receiving party. The receiving party shall return the unredacted documents upon request so that replacement documents can be produced. If the disclosing party has notified the receiving party that personal information should have been redacted, the receiving party shall not, under any circumstances, file or otherwise publicly disclose the personal information of any Lufthansa employee.

10.    DISCLOSURE TO CONSULTANTS AND EXPERTS

Protected Material shall be disclosed to consultants and experts only upon the following terms:

(a)    Prior to any disclosure, the consultant or expert shall be identified in writing to the other parties' counsel by name, address, and corporate, business or other professional affiliation or employment, together with a copy of the expert's curriculum vitae and a list of the expert's litigation or consulting engagements for the past three years, provided that if the expert or consultant is prevented from disclosing the details of a consulting relationship because of a confidentiality or non-disclosure agreement, the expert or consultant shall be permitted instead to disclose generally the subject matter or industry involved in the consulting relationship;

(b)    Unless another party notifies the proposing party of any objection in accordance with the parties' service agreement within five (5) business days after notification , the consultant or expert shall thereafter be allowed to have access to Protected Material pursuant to the terms and conditions of this Protective Order;

(c)    In the event of a timely objection, which shall be based solely on whether the expert's learning of Protected Materials would harm the opposing party's ability to compete in the market place, the proposing party shall refrain from disclosure of Protected Material to the consultant or expert until the objection has been resolved between the parties or ruled upon by the Court;

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

(d)     The parties shall endeavor in good faith to resolve the dispute without calling upon the intervention of the Court.  The burden is on the objecting party to seek the intervention of the Court by appropriate motion to preclude the proposing party from disclosing Protected Material to the consultant or expert.  If no such motion is filed within ten business days of receipt of the objection, the proposing party may disclose Protected Material to the consultant or expert as if no objection had been raised; and

(e)     No party shall use its right to object to a proposed consultant or expert to interfere with the ability of another party to prepare for trial through the use of consultants and experts.

11.     <u>DISCLOSURE IN THE GERMAN PROCEEDINGS OR CONTEMPLATED PROCEEDINGS</u>

Disclosure may be made to a court in the German Proceedings or Contemplated Proceedings, provided that the party making the disclosure shall give the producing party notice pursuant to the parties' Service Agreement at least five (5) business days in advance of such disclosure.  If, within five (5) business days after such notice is received, the producing party does not file a motion with this court objecting to the disclosure and showing good cause as to why the information shall be withheld, then such disclosure shall be made without further order of this Court.  If this Court determines that there is good cause for keeping the documents or other information sought to be disclosed confidential in the German Proceedings or Contemplated Proceedings, then the party seeking to make the disclosure in the German Proceedings or Contemplated Proceedings may not do so unless it obtains specific authorization, in advance, from this Court to do so.  In evaluating such a request, this Court will consider the extent to which additional protections (beyond those contained herein) are necessary to insure confidentiality for the documents or other information in the German Proceedings or Contemplated Proceedings.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

12.	PROSECUTION BAR

Any and all persons, including outside trial counsel for the parties to this litigation, given access to Protected Material, the information contained therein, or any summaries, copies, abstract, or other documents derived in whole or in part from the material so designated, shall not participate in the patent prosecution of any patent application relating to the subject matter of this litigation during this litigation and for at least one year after the completion of this litigation (including all appeals).  For purposes of this paragraph, "patent prosecution" includes, but is not limited to, drafting responses to office actions or other papers issued by the United States Patent and Trademark Office ("USPTO") and/or any foreign patent office.  This paragraph shall not prohibit merely administrative duties related to being a manager or supervisor of other attorneys who are engaged in patent prosecution.  Notwithstanding anything to the contrary in this paragraph, if a reexamination, *inter partes* review, or other administrative review at the USPTO is instituted regarding the patent-in-suit, such persons may participate in such proceedings, despite the fact that they have received Protected Material.

13.	NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the last in time of (1) the termination of this action, (2) the termination of the German Proceedings, including all appeals, and (3) the termination of all Contemplated Proceedings that have been initiated, including all appeals, each receiving party must return all Protected Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

IT IS SO STIPULATED, ON THIS DAY THE 9TH OF MARCH, 2018, THROUGH

COUNSEL OF RECORD.

By /s/ Bradley S. Keller
    Bradley S. Keller, WSBA #10665
By /s/ Keith D. Petrak
    Keith D. Petrak, WSBA #19159
BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Tel: (206) 622-2000
Email: bkeller@byrneskeller.com
Email: kpetrak@byrneskeller.com

By /s/ Lawrence D. Rosenberg
    Lawrence D. Rosenberg, DC Bar #462091
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Tel: (202) 879-3939
Email: ldrosenberg@jonesday.com
(admitted *pro hac vice*)

By /s/ David M. Maiorana
    David M. Maiorana, OH Bar #0071440
By /s/ Susan M. Gerber
    Susan M. Gerber, OH Bar #0070945
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH 44141
Tel: (216) 586-3939
Email: dmaiorana@jonesday.com
(admitted *pro hac vice*)
Email: smgerber@jonesday.com
(admitted *pro hac vice*)

*Attorneys for Plaintiff*
*Lufthansa Technik AG*

By: s/ Louis D. Peterson
    Louis D. Peterson, WSBA #5776
By: s/ Michael R. Scott
    Michael R. Scott, WSBA #12822
HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925
Tel: (206) 623-1745
Fax: (206) 623-7789
Email: lou.peterson@hcmp.com
Email: michael.scott@hcmp.com

By: /s/ Stuart R. Dunwoody
    Stuart R. Dunwoody, WSBA #13948
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: (206) 757-8034
Fax: (206) 757-7034
Email: stuartdunwoody@dwt.com

By: /s/ James H. Bicks
    James H. Bicks
By: /s/ Benjamin M. Daniels
    Benjamin M. Daniels
Wiggin and Dana LLP
Two Stamford Plaza
Tresser Boulevard
Stamford, CT 06901
Tel: (203) 363-7622
Fax: (203) 363-7676
Email: jbicks@wiggin.com
(admitted *pro hac vice*)
Email: bdaniels@wiggin.com
(admitted *pro hac vice*)

By: /s/ Joseph M. Casino
    Joseph M. Casino
Wiggin and Dana LLP
450 Lexington Avenue, 38th Floor
New York, NY 10017
Tel: (212) 551-2842
Fax: (212) 490-0536
Email: jcasino@wiggin.com
(admitted *pro hac vice*)

*Attorneys for Defendant*
*Astronics Advanced Electronic Systems, Inc.*

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

By:  s/ Mark A. Chapman
      Mark A. Chapman
ANDREWS KURTH KENYON LLP
One Broadway
New York, NY 10004-1007
Tel:  (212) 425-7200
Fax:  (212) 425-5288
Email:  mchapman@kenyon.com
(admitted *pro hac vice*)

*Attorneys for Defendant*
*KID-Systeme GmbH*


PURSUANT TO STIPULATION, IT IS SO ORDERED this 20 day of March, 2018.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE


EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Western District of Washington on [date] in the case of

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

*Lufthansa Technik AG v. Astronics Advanced Electronic Systems Corp.*, No. 2:14-cv-01821-RSM.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City, State, and Country where sworn and signed: _____

_____

Printed name: _____

Signature: _____

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000